UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIFFINIE TRICHE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-2233** |
| **WAL-MART LOUISIANA, L.L.C.** | **SECTION "N"** |

Before this Court is an Appeal from Magistrate Judge's Order of March 8, 2006, filed on behalf of the plaintiff, Tiffinie Triche, pursuant to Rule 72 of the Federal Rules of Civil Procedure (Doc. 40). This matter came for hearing on March 20, 2006 without oral argument. The Court, having considered the legal memoranda and exhibits submitted by the parties, the record, and the applicable law, **AFFIRMS** the order of the Magistrate Judge.

## ORDER AND REASONS

**I. BACKGROUND:**

On June 30, 2004, the plaintiff, Tiffinie Triche, filed suit against defendant, Wal-Mart Louisiana, L.L.C., alleging that she was harassed as a result of a work-related accident at a Wal-Mart store in August 2001. Although the defendant's counsel alleges that in a January 2005 phone conversation, both sides waived Federal Rule of Civil Procedure 26(a) disclosures, the plaintiff's counsel contends that at a subsequent Preliminary Conference, which she did not attend, the parties

-1-

were ordered to exchange these disclosures. The plaintiff copied medical records and requested that the defendant pick up and pay for the documents at a cost of $2,378.94. The defendant refused to pay.

The plaintiff then filed a "Motion to Request that the Defendant Pay Reproduction Cost," on the grounds that the production of the records was ordered by the court in accordance with Rule 26(a). In its opposition to the motion, the defendant argued that it should not be ordered to pay for copies of records that it considered irrelevant and that it neither requested nor authorized. The defendant further alleged that the plaintiff's reliance on the Preliminary Conference order is disingenuous, in that the first request for payment was sent five days before that conference. The defendant requested that it be awarded attorney's fees and costs for having to respond to what it considered a frivolous and harassing motion.

On March 8, 2006, United States Magistrate Judge Daniel E. Knowles, III, denied Triche's motion and ordered the plaintiff's counsel to pay defendant's reasonable attorney's fees. The plaintiff's attorney did not attend the motion hearing on that date.

Subsequently, the plaintiff filed this appeal from Magistrate Judge's order. She argues that the denial of her motion to have the defendant pay the copying cost was incorrect in that the plaintiff's actions were in compliance with the Federal Rules of Civil Procedure and the copying fees were reasonable. The plaintiff further argues that the imposition of attorney's fees was improper because the Court and the defendant failed to notify her of the hearing date. In its opposition to this appeal, the defendant argues that the motion was properly denied, and that the

imposition of attorney's fees was reasonable because it was the plaintiff's responsibility to determine the date of the hearing; and, regardless of counsel's attendance at the hearing, because the harassing and frivolous nature of the motion supported such a ruling.

**II. LAW AND ANALYSIS:**

Rule 72(a) of the Federal Rules of Civil Procedure governs the review of Magistrate Judge orders by district court judges. Rule 72(a) provides in pertinent part that:

> [w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order….The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a).

In applying this "clearly erroneous" standard, a district court shall affirm the decision of the magistrate judge unless, based on all of the evidence, the court is left with a definite and firm conviction that the magistrate judge made a mistake. See Moody v. Callon Petroleum Operating Co, 37 F. Supp.2d 805, 807 (E.D.L.A. 1999).

Magistrate Judge Knowles denied the plaintiff's "Motion to Request that the Defendant Pay Reproduction Cost." Having reviewed the record and the applicable law, this Court finds that Magistrate Judge Knowles' ruling was not clearly erroneous or contrary to law. Federal Rule of Civil Procedure 26(a) requires parties to provide, in pertinent part "a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its

claims or defenses." While the plaintiff argues that her production of the medical records was in compliance with this rule, the rule clearly provides that the producing party can provide the opposition merely with a description of these documents. Further, common practice requires that a party producing records first consult with opposing counsel to determine whether and how these documents should be produced. The plaintiff, however, provided copies of nearly 12,000 pages at a cost of $2,378.94. The production of these documents was neither requested nor authorized by the defendant. Therefore, the finding of Magistrate Judge Knowles, that the defendant should not be ordered to incur this cost, was not clearly erroneous.

Magistrate Judge Knowles' imposition of reasonable attorney's fees on plaintiff's counsel was likewise not clearly erroneous. Local Rule 83.2.9E of the United States District Court Eastern District of Louisiana provides, in pertinent part, that it is the court's policy to impose costs or sanctions "for failure to appear, or appearing extremely late, at any proceeding before any of the judges or magistrate judges when the lawyer has been given timely notice of the conference or hearing, has failed in advance to seek a continuance, and has no adequate excuse." Plaintiff's counsel did not attend the March 8, 2006 hearing, and Magistrate Judge Knowles presumably imposed the sanction based on this absence.

Plaintiff's counsel contends that her absence should be excused, due to her not having received a "courtesy call" from the defendant's counsel or "a call from the Court confirming a date for the hearing on her motion or notifying her that oral argument would be necessary." (Plaintiff's

-4-

Appeal, p.5)  However, it was indeed her responsibility as movant to not only be appraised of, but also to provide notice to the defendant of the hearing date pursuant to Local Rule 7.2E.  This Rule provides, in pertinent part, that "[c]ounsel filing a motion shall, at the time of filing, notice it for hearing" and that "at least fifteen days actual notice of hearing must be given to opposing counsel."  Thus, a finding by Magistrate Judge Knowles that her absence was not excused was not clearly erroneous, and the sanction was not contrary to law.

Accordingly,

**IT IS ORDERED** that plaintiff's "Appeal From Magistrate Judge's Order" of March 8, 2006 be and is hereby **DENIED,** and such Order is **AFFIRMED**.

New Orleans, Louisiana, this   21st   day of June, 2006.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**