UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIFFINIE TRICHE | CIVIL ACTION |
| VERSUS | NO. 04-2233 |
| WAL-MART STORES, INC. | SECTION "N"(3) |

Before this Court is a Motion for Summary Judgment [Doc. 20] filed November 29, 2005 by defendant Wal-Mart Louisiana, L.L.C. ("Wal-Mart"). The parties waived oral argument and the matter was taken under submission on January 11, 2006. The Court, having studied the legal memoranda and exhibits submitted by the parties, the record, and the applicable law, is fully advised on the premises. For the following reasons, Wal-Mart's motion is **GRANTED**.

### ORDER AND REASONS

**I.   BACKGROUND**

On August 23, 2001, the plaintiff Tiffinie Triche, while working as a part-time bakery associate at Wal-Mart, fell down and injured herself. On October 30, 2001, Ms. Triche filed a worker's compensation claim for her injuries. She returned to work in October 2001 and was assigned a light duty job. After several weeks of work, her supervisors began to leave her notes requesting that she perform additional regular duties. From October 2001 to October 2002, the

1

plaintiff rarely worked more than three to six hours a week, and her supervisors began to call her at home to find out if and when she was coming to work and why she had not completed the regular duty assignments. Following an October 2002 telephone altercation with one of her supervisors, the plaintiff demanded and was granted a transfer from the bakery position to a position as a door greeter on the other side of the store. Her bakery supervisors were instructed not to have any further contact with Ms. Triche and ceased all contact with the plaintiff.

Because of her continuing physical problems, the plaintiff took a leave of absence in December 2002, which lasted until March 2004. During this time, the plaintiff's contact with Wal-Mart consisted almost exclusively of exchanging paperwork regarding her leave of absence. Plaintiff also contends that a supervisor and other employees of Wal-Mart made accusations that Ms. Triche was faking her injury, including a report from one employee that she was working in a beauty salon during her leave.

The plaintiff returned to work in March 2004, and was assigned a position as a door greeter. The plaintiff contends that during the three days she worked as a door greeter, two Wal-Mart managers regularly watched her. On the third day, they confronted her about an incident in which a customer was suspected of stealing a large amount of liquor. This customer had allegedly spoken to Ms. Triche as he was leaving the store. Thus the managers suspected that she had known him and allowed him to leave with the stolen merchandise. Ms. Triche denied knowing him, stated that she no longer intended to work at Wal-mart, and left the store.

She never returned to work. However, because she did not want to jeopardize her worker's compensation claim, she applied for and was granted another leave of absence, which was to end

in May 2004.  In mid-June of 2004, a Wal-Mart manager sent a letter to Ms. Triche informing her that her leave had ended and that she would be terminated unless she filed additional paperwork or returned to work.  The plaintiff ignored this letter. At the end of June 2004, Wal-Mart sent another letter to plaintiff informing her that she had been terminated from her job for abandonment.

Subsequently, the plaintiff filed this lawsuit on June 30, 2004, alleging that she was harassed by two managers during the March 2004 incident regarding the suspected shoplifter.  She alleged further that she continued to be harassed about returning to work before she was terminated in June 2004.  This harassment consisted of a phone call and a letter, both relating to the paperwork for her leave, and also the letter relating to the expiration of her leave and the letter terminating her employment.

The plaintiff further states, as an additional and/or alternative cause of action, that her suffering is due to:  the report by a Wal-Mart employee to the worker's compensation office that she was working in a beauty salon, the confrontation regarding the suspected shoplifter, continuing harassment regarding the suspected shoplifting incident, continuing harassment regarding plaintiff's return to work, and other acts of negligence, which were the cause of her accident.

The plaintiff complains that as a result of the harassment, she has suffered missed work, severe migraines, vomiting, nervousness, and an inability to perform her job well due to fear.  She also alleges that she has sustained personal injuries which have caused her substantial pain and suffering, emotional distress, mental anguish, lost wages, and an inability to engage in many of the activities she had engaged in before the incident with the suspected shoplifter.

**II.     LAW AND ANALYSIS**

    **A.     Summary Judgment**

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Federal Rule of Civil Procedure 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. Stults v. Conoco, Inc., 76 F.3d 651, 655-56 (5th Cir. 1996) (citing Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912-13 (5th Cir.) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)). After an adequate time for discovery, summary judgment is mandated if a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322.

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial*." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis supplied); Tubacex, Inc. v. M/V RISAN, 45 F.3d 951, 954 (5th Cir. 1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." Matsushita Elec. Indus. Co., 475 U.S. at 588.

Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Although plaintiff's Petition did not identify any particular claims or causes of action, this Motion for Summary Judgment and plaintiff's Opposition address two claims: Retaliatory Discharge and Intentional Infliction of Emotional Distress.

### B. Retaliatory Discharge

Under La.R.S. §23:1361(B), employees who are unlawfully discharged because they have asserted a claim for worker's compensation benefits can recover from the employer for such retaliatory discharge. In order to state a claim for retaliatory discharge, three elements must be established by the employee: (1) discharge; (2) assertion of a claim for benefits under the Louisiana worker's compensation law; and (3) a causal connection between the discharge and the assertion of a claim for benefits. Jones v. Honeywell Int., Inc., 295 F. Supp.2d 652, 663 (M.D. La. 2003) (citing Moore v. McDermott, 469 So.2d 1207 (La. App. 1 Cir. 1985). In order for an employee to have a cause of action for retaliatory discharge, the employee must prove that she was discharged. Id. "Absent a discharge, the complaint should be dismissed. Id. The discharge element can be met by a constructive discharge, which occurs when "working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign." PA State Police v. Suders, 542 U.S. 129, 130 (2004). The Plaintiff has established only that she filed a worker's compensation claim, but she has failed to establish the other two elements.

First of all, the plaintiff's claim of constructive discharge fails under the objective standard of <u>Suders</u> because the incidents which Ms. Triche alleges do not amount to intolerable working conditions. Further, the alleged harassment only involves phone calls to determine whether she would being coming to work and letters and a phone call regarding extending her leave. Even the incidents on which Ms. Triche relies most heavily, the Wal-Mart employee's report to the worker's compensation office that Ms. Triche was working at a beauty salon and the Wal-mart managers actions leading up to and including the confrontation regarding the suspected shoplifter, would not suffice to compel a reasonable person to resign.

Secondly, Ms. Triche fails to establish a causal connection between the worker's compensation claim and her resignation, her termination, or the alleged harassment during the two and a half years after her claim. Ms. Triche even admitted in her deposition that she believed that her termination was due to job abandonment. Plaintiff's Deposition, pp. 118-119. Further, there is no temporal proximity between the filing of her worker's compensation claim in October 2001 and either her March 2004 decision to quit or her final termination in June 2004. Therefore, because the plaintiff has failed to establish all the essential elements for retaliatory discharge, the defendant's motion for summary judgment should be granted.

  **C.**   **<u>Intentional Infliction of Emotional Distress</u>**

In order to recover for intentional infliction of emotional distress, a plaintiff must establish that: (1) the conduct of the defendant was extreme and outrageous; (2) the emotional distress suffered by the plaintiff was severe; and (3) the defendant desired to inflict severe emotional distress and knew that severe emotional distress would be certain to result from his conduct. <u>White v.</u>

Monsanto Co., 585 So.2d 1205, 1207 (La.1991); Beaudoin v. Hartford Accident and Indemnity Co., 594 So.2d 1049 (La. App. 3 Cir. 1992). Summary judgment is mandated if a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322. The plaintiff has failed to establish at least two of the required elements of proof for intentional infliction of emotional distress.

In her petition, the plaintiff alleges that the "harassment" has seriously affected her health and mental state. She claims that the emotional distress has caused her to miss work and to suffer from severe migraines, vomiting, nervousness, and an inability to perform her job well due to fear. She also alleges that as a result of the harassment, she has sustained "personal injuries which have caused her substantial pain and suffering, emotional distress, mental anguish, lost wages, as well as an inability to engage in many of the activities she engaged in before this incident." While the Court has not concluded that the plaintiff has suffered emotional distress, the Court will accept, for purposes of this motion, that these allegations may fulfill the element requiring the plaintiff to have suffered severe emotional distress.

However, Ms. Triche has failed to establish that conduct of the Wal-Mart employees was extreme or outrageous. The conduct complained of must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." White, 585 So.2d at 1209 (La. 1991). Additionally, Louisiana courts have found that much more severe behavior than that

alleged by Ms. Triche does not rise to the level of extreme or outrageous. *See* White, 585 So.2d 1205 (La.1991) (concluding that a profane tirade that resulted in plaintiff's hospitalization was not extreme or outrageous); Beaudoin v. Hartford Accident & Indemnity Co., 594 So.2d 1049 (La. App. 3 Cir. 1992) (concluding that a supervisor yelling and swearing at employee was not extreme or outrageous). Because the plaintiff does not allege conduct outrageous enough to support recovery for an intentional infliction of emotional distress claim, this Court concludes that the defendant's motion for summary judgment should be granted because she cannot establish one of the essential elements of her claim.

Additionally, the plaintiff fails to establish the third element, which requires the plaintiff to show that the Wal-Mart supervisors intended or knew that their action would bring about severe emotional distress. This element requires that "the actor desires to inflict severe emotional distress or where he knows that such distress is certain or substantially certain to result from his conduct." White, 585 So.2d at 1210. "The conduct must be intended or calculated to cause severe emotional distress and not just some lesser degree of fright, humiliation, embarrassment, worry, or the like." Id. The plaintiff does not allege such intent, and instead merely glosses over this element in her Opposition with the statement that "the first and second elements have been met" by the harassment. Such an unsupported statement does not suffice to establish intent. Thus, the defendant's motion for summary judgment should be granted, because the plaintiff has failed to establish another essential element of her claim.

**III.     Conclusion**

Therefore, for the reasons stated, this Court finds that the record taken as a whole could not lead a rational trier of fact to find for plaintiff on either a claim of retaliatory discharge or a claim of intentional infliction of emotional distress.  Additionally, the plaintiff has failed to establish the essential elements of her claims or that there is a genuine issue for trial on either claim, and thus, summary judgment is appropriate in this case on all of the plaintiff's claims.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is hereby **GRANTED.**

New Orleans, Louisiana, this 18th day of August, 2006.

_____
**KURT D. ENGELHARDT
United States District Judge**